led to the recovery of some of the stolen property. Some further corroboration was provided by the fact that Boone's appearance was consistent with the description of the gunman given by the robbery victim.

When the parked automobile was discovered, a jacket fitting the description given the police by the robbery victim was on the seat in plain view. The bullets were not in view, but the largely corroborated information which the police had obtained from Hines furnished probable cause for the search during which they were quickly discovered.

The seizure of the bullets, as well as the jacket, was not unlawful. Their admission in evidence, which, itself, added little to the prosecution's otherwise weighty case,* was not improper.

Affirmed.

Lawrence J. Molony, New Orleans, La., Paul G. Moresi, Jr., Abbeville, La., for petitioner.

Marcel Mallet-Prevost, Charles N. Steele, Asst. Gen. Counsel, N.L.R.B., Washington, D. C., Charles M. Paschal, Jr., New Orleans, La., for respondent.

Before BELL, THORNBERRY, and CLARK, Circuit Judges.

PER CURIAM:

Enforced. See Local Rule 21.[1]

---

**The A. MORESI CO., Ltd., Petitioner-Cross Respondent,**

v.

**The NATIONAL LABOR RELATIONS BOARD, Respondent-Cross Petitioner.**

No. 29214.

United States Court of Appeals, Fifth Circuit.

Oct. 21, 1970.

---

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**George Herman GRAVES, Defendant-Appellant.**

No. 29060.

United States Court of Appeals, Fifth Circuit.

Oct. 22, 1970.

---

* The admission of the bullets, which were not connected to the unrecovered .38-caliber pistol used in the robbery, had little evidentiary value. The defendant's case, in the eyes of the jury, was probably hurt, however, when his attempt to explain his possession of the bullets was contradicted by his father.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.